IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ralph Luther Blevins, | ) CIVIL ACTION NO. 9:09-0788-TLW-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Doctor Loranth, | ) |
| Defendant. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff, an inmate with the Federal Bureau of Prisons (BOP) housed at the Federal Correctional Institution (FCI) in Bennettsville, South Carolina, alleges violations of his constitutional rights by the Defendant, a BOP physician at FCI Williamsburg in Salters, South Carolina.

The Defendant filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on July 28, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 29, 2009 advising Plaintiff of the importance of a dispositive motion of the need for him to file an

---

[1] In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).



adequate response. Plaintiff was specifically advised that if he failed to file an adequate response, the Defendant's motion may be granted, thereby ending his case. After receiving an extension of time, Plaintiff filed a memorandum in opposition to the Defendant's motion on October 14, 2009.

Defendant's motion is now before the Court for disposition.[2]

**Discussion**

Although Defendant's motion has been filed as a Rule 12 motion to dismiss, both parties have submitted materials outside of the pleadings for the Court's consideration.

> Where a defendant files a motion to dismiss for failure to state a claim upon which relief can be granted, the district court may, *sua sponte*, convert the motion to one for summary judgment if (i) matters outside the pleadings are presented to the court, (ii) all parties are given notice that the dismissal motion may be treated as one for summary judgment, and (iii) all parties receive a reasonable opportunity to conduct discovery and present pertinent materials.

Onan v. County of Roanoke, No. 94-1770, 1995 WL 234290 at *2 (4th Cir. Apr. 21, 1995)(citing Fed.R.Civ.P. 12(b)(6); Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985)); see also Reaves v. Roanoke Redevelopment and Housing Authority, No. 08-560, 2009 WL 366045 at *3 (W.D.Va. Feb. 12, 2009). In this case, the Defendant submitted matters outside the pleadings (Cassara's affidavit). The Court then entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which notified the parties that matters outside the pleadings had been submitted, that the matter was being considered as a motion for summary judgment, and directing Plaintiff of the necessity to file a response within thirty-four (34) days. See Court's order filed on July 29, 2009. Plaintiff

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



subsequently requested and was granted an extension of time to respond, and on October 14, 2009, Plaintiff filed his memorandum in opposition, an affidavit, and exhibits. Therefore, the undersigned has considered Defendant's motion under the standards for a Rule 56 motion for summary judgment.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990)

Here, Defendant asserts, inter alia, that this entire case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[3] under section

---

[3] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not

3



1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The undersigned can take judicial notice from numerous <u>Bivens</u> cases previously filed in this Court that the Federal Bureau of Prisons has a detailed grievance process which allows federal prison inmates to pursue administrative remedies for their grievances. <u>See</u> 28 C.F.R. §§ 542.10, <u>et seq</u>. An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. §542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden. 28 C.F.R. §542.14. Administrative complaints must be filed within 20 days of the date of the incident giving rise to the complaint occurred. 28 C.F.R. §542.14(a). The matter will be investigated, and a written response provided to the inmate. <u>Id</u>. If dissatisfied with the response, the inmate may appeal to the Regional Director. 28 C.F.R. §542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel. <u>Id</u>. Appeal to the General Counsel is the final level of agency review, and a claim has not been administratively exhausted until it has been filed with the General Counsel. 28 C.F.R. §542.15(a).

The Defendant has the burden of showing that Plaintiff failed to exhaust his administrative remedies. <u>See</u> <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to

---

include habeas corpus proceedings challenging the fact or duration of confinement in prison.

<u>Hartsfield v. Vidor</u>, 199 F.3d 305, 308 (6th Cir. 1999) (quoting 18 U.S.C. § 3262(g)(2)); <u>Neal v. Goord</u>, No. 99-253, 2001 WL 1178293 (2d Cir. Oct. 04, 2001) (quoting <u>Lawrence v. Goord</u>, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).



be both pled and proven by the Defendant]; <u>Jones v. Bock</u>, 549 U.S. 199 (2007). To meet this burden, the Defendant has submitted an Affidavit from Tami Cassaro, Supervisory Attorney for the Consolidated Legal Center at FCI Edgefield, who attests that Plaintiff has not exhausted his administrative remedies relating to the issue set forth in his complaint. Attached to Cassaro's affidavit as Attachment 1 is a computer printout of Plaintiff's grievances (copies of the grievances themselves have not been provided), with none of the titles addressing Plaintiff's claim.[4]

In addition to Cassaro's sworn testimony that Plaintiff did not exhaust this claim, Plaintiff himself states in his verified complaint[5] that he has not exhausted his administrative remedies against this Defendant by filing any administrative action with prison officials at FCI Williamsburg, where the Defendant is the health services administrator (and where Plaintiff was transferred in May of 2006). <u>See</u> <u>also</u> Exhibits A and B to Plaintiff's Memorandum in Opposition to Summary Judgment. Rather, Plaintiff states that "[t]he administrative remedies that led to this claim [were] exhausted in an earlier action" that he had filed in the Middle District of Illinois. <u>See</u> Plaintiff's "Declaration in Opposition to Summary Judgment Motion", referring to <u>Blevins v. Bonds</u>, No. 08-1074 (M.D.Ill. 2009).[6] Plaintiff further argues in his response to summary judgment that,

---

[4] The undersigned does note that at least three of these grievances (#'s 406515-F1, 404262-F2, and 404262-A1) are captioned "seeks to hold off on transfer until medical care rcvd." However, even if these grievances contained complaints about the medical care Plaintiff was receiving, the respective dates on these three grievances (3-14-06), (3-28-06) and (4-24-06) are all *prior* to Plaintiff's transfer to FCI Williamsburg. Therefore, they would not have any bearing on any claims of inadequate medical care provided by the Defendant in this case.

[5] In this Circuit, verified complaints by <u>pro se</u> prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991).

[6] According to the exhibits attached to Plaintiff's complaint, that case (which had been filed by the Plaintiff in Illinois in 2008) asserted claims against numerous Defendants regarding medical

5



"[a]n attempt to exhaust administrative issues in the instant matter would have prove[n] [to] be moot since the issue had already been addressed in a different federal court." See Plaintiff's Affidavit, p. 2.

However, Plaintiff cannot exhaust his administrative remedies with respect to a claim against an official in South Carolina by filing an administrative claim (assuming Plaintiff in fact did so) concerning medical care received at another prison in another state. Cf. Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002)[Dismissing claim for failure to exhaust, finding "no dispute here that [Plaintiff] failed to exhaust the administrative remedies in place at the facility where his injuries occurred."]; Rodriguez v. Senkowski, 103 F.Supp.2d 131, (N.D.N.Y. 2000)[Noting that one purpose for the exhaustion requirement is to "allow[] the facility to correct its own mistakes and avoiding the weakening of prisons' effectiveness by the 'frequent and deliberate flouting' of administrative procedures."] (quoting Beeson v. Fishkill Correctional Facility, 28 F.Supp.2d 884, 895 (S.D.N.Y. 1998)). Dr. Loranth is not responsible for any actions taken by medical personnel in Illinois before Plaintiff was even transferred to South Carolina, nor are Illinois officials responsible for medical care provided by Dr. Loranth in South Carolina. Further, the BOP grievance process requires that a grievance be filed with the Warden of the Institution where the alleged grievable matters occurred, following which any appeal is to the Regional Director. 28 C.F.R. §§ 542.14 and 542.15. South Carolina is not even in the same region as Illinois.[7] Hence,

---

care Plaintiff had received at BOP facilities in Illinois, but which also included Dr. Loranth as a Defendant. That case was dismissed by order of the Court filed February 2, 2009. See Plaintiff's Complaint, Exhibit A.

[7]South Carolina is located in the Southeast Region, while Illinois is located in the North Central Region. See http://www.bop.gov/locations.



Plaintiff needed to file and exhaust his administrative claim against Dr. Loranth at FCI Williamsburg prior to proceeding with this lawsuit. Medina-Claudio, 292 F.3d at 35 [Inmate who is transferred to a new facility must exhaust the administrative remedies of the first facility before filing suit against it or any of its employees].

In sum, Defendant's evidence, and indeed Plaintiff's own verified statements and exhibits, support a finding by this Court that Plaintiff failed to file an administrative claim with the appropriate BOP officials in the District of South Carolina regarding medical care provided by the Defendant, and that he therefore failed to exhaust his administrative remedies with respect to his claim against the Defendant Dr. Loranth before filing this law suit. *Cf.* Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; see also Harvey v. City of Philadelphia, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not properly pursue his administrative remedies]; see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility].

Finally, even if Plaintiff had attempted to properly exhaust his administrative remedies after he filed this lawsuit, and had in fact succeeded in doing so (of which there is no evidence), that would not allow Plaintiff to now proceed with this lawsuit. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)[Prisoner "may not exhaust administrative remedies during the pendency of

7



the federal suit."]. Therefore, as the evidence before this Court shows that Plaintiff failed to exhaust his BOP administrative remedies against this Defendant prior to filing this lawsuit, this case must be dismissed. Booth, 532 U.S. at 741; Hyde, 442 S.E.2d at 583; 42 U.S.C. § 1997e(a).

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 12, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 2940

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

